IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sandra Rouse, | ) | C/A No.: 0:13-1904-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Carolyn W. Colvin, Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Sandra Rouse, brings this action pursuant to 42 U.S.C. § 405(g) of the

Social Security Act, as amended, to obtain judicial review of the final decision by the

Commissioner of Social Security denying her claim for disability insurance benefits (DIB)

and supplemental security income (SSI).

The Magistrate Judge assigned to this action[1] has prepared a Report and

Recommendation wherein she suggests that the Commissioner's decision to deny benefits

should be affirmed.  The Magistrate Judge provides a detailed discussion of the undisputed

and relevant medical evidence and the standards of law which this court incorporates without

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

1

a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation which was filed on July 3, 2014. The plaintiff has responded with various objections and the Commissioner has replied thereto.

The facts are fully set forth in the decision of the Administrative Law Judge (ALJ) and the administrative record, briefly summarized as follows. The plaintiff first applied for DIB and SSI in January 2010 alleging an onset of disability beginning October 30, 2009. The ALJ denied the claim and the Appeals Council denied plaintiff's request for review. The plaintiff then sought judicial review of the decision with a complaint filed in this court on July 11, 2013.

The plaintiff was 35 years old as of her alleged onset of disability. She has a limited education and past relevant work experience as a manager and cashier at a gas station. She alleges disability due to diabetes, bad eye sight, a bad heart, and bad nerves in the hands, arms, legs, and feet.

The ALJ considered all of the evidence and followed the Commissioner's five-step sequential evaluation process for evaluating disability. At step one, the ALJ found that the plaintiff had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ found the following severe impairments: diabetes mellitus; depression; and coronary artery disease, status post-infarction. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled one

of the listed impairments.

Next, the ALJ determined that despite Plaintiff's combination of impairments, she retained the residual functional capacity (RFC) to perform sedentary work with the following limitations: avoidance of extreme cold, extreme heat, hazardous equipment, and unprotected heights; performance of only simple, routine tasks; and only occasional interaction with the general public.  At step four, the ALJ concluded that Plaintiff could not perform her past relevant work, but could perform other jobs existing in the national economy, including the representative occupations of call out operator and surveillance systems monitor.   Thus, the ALJ found that plaintiff was not under a disability, as defined by the Act, at any time from October 30, 2009, through the date of his decision

In her brief before the court, plaintiff sets forth various arguments to support her position that this case should be remanded, basing them on errors in the ALJ's determination of plaintiff's RFC, credibility finding, and opinion evidence.  The Commissioner contends otherwise and suggests that substantial evidence supports the ALJ's determination that plaintiff was not disabled.  Plaintiff's objections essentially repeat the issues of error raised in her brief.

With regard to the plaintiff's first two objections, the court concurs with both the reasoning and the result reached by the Magistrate Judge, and thus overrules plaintiff's objections.

Plaintiff's third objection contends that while the ALJ discussed each opinion of the state agency physician's and the plaintiff's treating physician, the ALJ failed to assign any weight to opinion evidence. SSR 96–2p provides that when the decision is a denial, it "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." The Magistrate Judge suggests that to the extent the ALJ erred in failing to specifically state the weight, the plaintiff has failed to indicate any harm from this error.

The ALJ does not comply with Rule 96-2p's requirement of specificity with regard to weight given to the treating sources medical opinion. Consequently, this court cannot determine if the ALJ's decision on this issue was based upon substantial evidence. Thus, this issue is remanded to the ALJ for further clarification.

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

4

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the plaintiff's objections thereto, this court finds that remand to the Commissioner is necessary for the reasons stated above.  The Report of the Magistrate Judge is adopted in part as set out herein.

IT IS SO ORDERED.

September 24, 2014                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District